UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reginald M. Gilliam, # 240636, | ) C/A No. 4:12-2914-RBH-TER |
| Petitioner, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Leroy Cartledge, Warden, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was submitted to the court *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

### BACKGROUND

Reginal M. Gilliam ("Petitioner") is an inmate at McCormick Correctional Institution, serving a life sentence for murder that was entered by the Greenwood County General Sessions Court in March 1996. This is the third § 2254 Petition that Petitioner has submitted to this court in efforts to challenge the constitutionality of the murder conviction. Petitioner's initial § 2254 petition was served on the respondent and considered on the merits, resulting in the entry of a summary final judgment for the respondent and dismissal of the petition. *Gilliam v. Rushton*, Civil Action No. 4:04-362-RBH (D.S.C. March 29, 2005). No appeal was filed from the final summary judgment. *Id.* Petitioner's second § 2254 petition was summarily dismissed as successive and unauthorized. That

petition was not served on the respondent, and Petitioner did not appeal that dismissal either. *Gilliam v. Cartlidge*, Civil Action No. 4:11-378-RBH (D.S.C. April 15, 2011). Petitioner does not indicate anywhere in the Petition submitted in this case that he sought and obtained permission from the Fourth Circuit Court of Appeals before filing this third habeas case in this court.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007. When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153. The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) or a second or successive § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d at 1194. The "gatekeeping" mechanism created by the AEDPA added section 2244(3)(A) to provide:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, NO. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 08, 2010). If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the

3

necessity of requiring a responsive pleading from the government. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).

The Petition filed in this case is an unauthorized successive petition because Petitioner's initial § 2254 Petition was considered on the merits, applying the then-applicable law. Petitioner now wishes to argue that his appellate counsel was ineffective for filing an *Anders* brief in Petitioner's direct appeal. If Petitioner believes he should get another opportunity at federal habeas relief, he still must present those reasons to the Fourth Circuit to permit it to decide whether or not another petition should be authorized in this court. 28 U.S.C. § 2244(b)(2)(A), (b)(2)(B). Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file this Petition, this court does not have jurisdiction to consider it and it is subject to summary dismissal. *See Romandine v. United States*, 206 F.3d 731, 734 (7th Cir. 2000); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

Petitioner's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III

Thomas E. Rogers, III
United States Magistrate Judge

December 19, 2012
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29501**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).