IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| REGINALD M. GILLIAM, ) <br> # 240636, ) <br> ) <br>     Petitioner, ) <br> ) <br> v. ) <br> ) <br> LEROY CARTLEDGE, WARDEN, ) <br> ) <br>     Respondent. ) <br> ) | Civil Action No.: 4:12-cv-02914-RBH <br><br> **ORDER** |

Petitioner Reginald M. Gilliam, a state prisoner proceeding *pro se*, initiated this action by filing his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] In the R&R, the Magistrate Judge recommends that the Court dismiss Petitioner's petition *without prejudice* as successive.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is serving a life sentence for murder that was entered by the Greenwood County General Sessions Court in March 1996. This is the third § 2254 petition that Petitioner has submitted to this Court in his efforts to challenge the constitutionality of the murder conviction. Petitioner's initial § 2254 petition was considered on the merits, resulting in an order granting summary judgment against Petitioner and the dismissal of the petition. Order, Gilliam v. Rushton, et al., No. 4:04-cv-00362-RBH (D.S.C. Mar. 29, 2005). No appeal of the Court's order was filed.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rs. Governing § 2254 Cases in the U.S. Dist. Cts. 4.

Petitioner's second § 2254 petition was summarily dismissed as successive and unauthorized, and Petitioner did not appeal that dismissal either. Order, Gilliam v. Cartlidge, et al., No. 4:11-cv-00378-RBH (D.S.C. Apr. 15, 2011).

The petition currently before this Court was October 4, 2012. Petitioner alleges that he had ineffective assistance of appellate counsel. Petitioner does not indicate anywhere in the petition that he sought and obtained permission from the United States Court of Appeals for the Fourth Circuit before filing this third § 2254 petition. Pet, ECF No. 1. After an examination of the petition, the Magistrate Judge issued his R&R on December 19, 2012, recommending that the Court dismiss the petition as successive because Petitioner never sought leave from the Fourth Circuit. R&R, ECF No. 17. Petitioner filed a timely objection to the R&R on January 4, 2013. Pet'r's Obj., ECF No. 19.

### STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of

objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

### DISCUSSION

The Magistrate Judge recommends dismissing Petitioner's petition without requiring Respondent to file a return, concluding that the petition was successive and that Petitioner failed to obtain authorization from the Fourth Circuit. Although Petitioner titles his January 4 filing as an objection to the R&R, he merely "requests leave to obtain authorization from the Fourth Circuit Court."[2] Pet'r's Obj. 1. The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *Camby*, 718 F.2d at 199.

Regardless, the Court finds the Magistrate Judge's recommendation is proper. Petitioner's initial petition was decided on the merits. *See Slack v. McDaniel*, 529 U.S. 473, 485-89 (1999) (reasoning that a successive petition is one filed after an initial petition was determined on its merits). Therefore, the petition currently before this Court is successive, and there is no evidence showing that Petitioner obtained leave from the Fourth Circuit for this Court to consider a

---

[2] This Court lacks the authority to grant leave to obtain authorization from the Fourth Circuit. Only a circuit court is authorized to determine whether a successive petition should be heard. *See* 28 U.S.C. § 2244(b)(3)(A). If Petitioner's objection can be construed as a motion for leave, then his motion is denied.

3

successive petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Without authorization to hear Petitioner's successive petition, the Court finds no error in the Magistrate Judge's recommendation.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

### CONCLUSION

The Court has thoroughly analyzed the entire record, including the § 2254 petition, the Magistrate Judge's R&R, Petitioner's objection, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that the § 2254 petition is **DISMISSED** *without prejudice*.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                   s/ R. Bryan Harwell
                                                   R. Bryan Harwell
                                                   United States District Judge

January 7, 2013
Florence, South Carolina